# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| REV. CALVIN WARREN,<br><br>              Plaintiff,<br><br>vs.<br><br>GEORGE BUSH, et al.,<br><br>              Defendant. | 2:08-cv-00016-KJD-PAL<br><br>**ORDER AND REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(IFP Application - #1) |

Plaintiff Rev. Calvin Warren is proceeding in this action *pro se*. Warren has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* and submitted a Complaint on January 4, 2008. This proceeding was referred to this court by Local Rule IB 1-9.

**I.**    ***In Forma Pauperis* Application**

Warren has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, his request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Warren's complaint.

**II.**    **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." Buckey v. Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992). A

complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. <u>North Star Intern. v. Arizona Corp. Comm'n</u>, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. <u>Russel v. Landrieu</u>, 621 f.2d 1037, 1039 (9th Cir. 1980). Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam).

Warren alleges that defendants have violated his constitutional rights by putting technology into his body without his consent, giving occults, gangs, the KKK, and other terrorist groups access to his thoughts, and putting drugs and other chemicals into the air on him. He seeks 800 trillion dollars in relief. Plaintiff has alleged these same facts in previous suits, which have all been dismissed. The court finds that these allegations are fantastic, delusional, irrational, and frivolous, and will therefore recommend that the Complaint be dismissed.

Based on the foregoing, and good cause appearing,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).
2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order

granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint.

**IT IS ALSO RECOMMENDED** that the Complaint be **DISMISSED** with prejudice as delusional and frivolous.

Dated this 9th day of May, 2008

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE